UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BARBARA ROBINSON,<br><br>       Plaintiff,<br><br>       v.<br><br>WELLS FARGO BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF THE MLMI TRUST, MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2005 WMC2; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; NATIONSTAR MORTGAGE BANK OF AMERICA; JAY BRAY; AZTEC FORECLOSURE CORPORATION OF WASHINGTON,<br><br>       Defendants. | Case No. _____<br><br>NOTICE OF REMOVAL<br><br>(SUBMITTED BY WELLS FARGO BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF THE MLMI TRUST, MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2005 WMC2; NATIONSTAR MORTGAGE LLC; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; AND JAY BRAY) |

TO THE CLERK OF THE ABOVE ENTITLED COURT:

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1441(a) and 1331, and 1332, defendants Wells Fargo Bank National Association, as Trustee for the Certificate Holders of the MLMI Trust, Mortgage Loan Asset-Backed Certificates, Series 2005 WMC2 ("Wells Fargo"); Nationstar Mortgage LLC, erroneously designated in the caption of Plaintiff's Complaint as "Nationstar Mortgage Bank of America" ("Nationstar")[1]; Mortgage Electronic Registration

---

[1] The body of the Complaint names only "Nationstar Mortgage" as a party to the action. *See* Complaint, ¶5.

NOTICE OF REMOVAL – Case No. _____ – Page 1

**HOLLAND & KNIGHT LLP**
111 S.W. Fifth Avenue
2300 U.S. Bancorp Tower
Portland, Oregon 97204
Telephone: 503.243.2300

#49080884_v6

Systems, Inc. ("MERS"); and Jay Bray (collectively, the "Removing Defendants"), hereby remove this action from the Superior Court of the State of Washington, for the County of King (Case No. 16-2-29810-9 KNT) to the United States District Court for the Western District of Washington at Seattle. The Removing Defendants remove the action on the grounds set forth below.

1. On or about December 12, 2016, Plaintiff filed the Complaint in this action in King County Superior Court. Nationstar received a copy of the Complaint by mail on or about December 16, 2016.[2] This Notice of Removal is timely under 28 U.S.C. § 1446(b)(1) because: (1) Removing Defendants have not yet been formally served under Washington law with the summons in this matter, *see Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999) (holding that the time within which to remove an action does not begin until the defendant has been formally served, regardless of receipt of the complaint through other means); and (2) because fewer than 30 days have elapsed since Nationstar's receipt of the Complaint by mail in any case.

2. Counsel for Bank of America and MERS consents to removal of this action.[3]

3. To the best of Removing Defendants' knowledge, the only other defendant in this action (Aztec Foreclosure Corporation of Washington ("Aztec")) has not been properly served.[4] As of the date of this Notice of Removal, the electronic docket for King County Case No. 16-2-29810-9 KNT does not reflect that plaintiff has filed any return of service, nor that Aztec has filed a notice of appearance or other paper in the state court. Joinder in or consent to this Notice of Removal by an unserved defendant is therefore not required. *See* 28 U.S.C. § 1446(b)(2)(A)

---

[2] Mailing the summons and complaint does not constitute sufficient service under Washington law in this case. *See generally* CR 4(d). Removing Defendants do not waive any defenses by filing this Notice of Removal, including but not limited to insufficient process and insufficient service of process.

[3] MERS filed a notice of appearance in the state court action by and through the same counsel for Bank of America. Counsel intends to submit a substitution of counsel with respect to MERS once the action has been removed.

[4] Although the caption of Plaintiff's Complaint appears to erroneously designate Nationstar as "Nationstar Mortgage Bank of America," the body of the Complaint under the heading "Parties To The Action" names only the following defendants: Wells Fargo Bank, N.A.; Nationstar Mortgage; Mortgage Electronic Registrations Systems Inc.; Jay Bray; and Aztec Foreclosure Corporation of Washington. *See* Complaint, ¶¶ 4–8.

NOTICE OF REMOVAL – Case No. _____ – Page 2

HOLLAND & KNIGHT LLP
111 S.W. Fifth Avenue
2300 U.S. Bancorp Tower
Portland, Oregon 97204
Telephone: 503.243.2300

#49080884_v6

(requiring joinder or consent on the party of all defendants who have been "properly joined and served"); *see also Destfino v. Reiswig*, 630 F.3d 952, 957 (9th Cir. 2011) (holding that defendants who had not been properly served were not required to join in removal petition in order for removal to be effective).

4. This is a civil action over which this court has original jurisdiction under 28 U.S.C. § 1331, because the action arises under the Constitution, laws, or treaties of the United States. Plaintiff alleges in her Complaint numerous violations of federal law, including violations of: the United State Constitution (*see* Complaint, ¶¶ 13, 18); the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* (*see id.*, ¶ 13); the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.* (*see id.*, ¶ 13); and the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.* (*see id.*, ¶¶ 43–50). This Court accordingly has original jurisdiction over this action. *See* 28 U.S.C. § 1331; *see also Lee v. Blumenthal*, 588 F.2d 1281, 1282 (9th Cir. 1979) ("The district courts have jurisdiction of actions that arise under the laws of the United States"). Because this Court has original jurisdiction over this action, it may also exercise supplemental jurisdiction over Plaintiff's state-law claims. *See* 28 U.S.C. § 1367.

5. Diversity jurisdiction under 28 U.S.C. § 1332(a)(1) also exists because this action is between citizens of different states and the amount in controversy exceeds $75,000.

6. Complete diversity exists, as Plaintiff and Defendants are citizens of different states.[5]

---

[5] Although Aztec Foreclosure Corporation of Washington ("Aztec") is named as a defendant, and is alleged to be a Washington corporation, it is a nominal defendant that the Court should disregard for purposes of diversity. Courts have called trustees "[t]he paradigmatic nominal defendant[s]," which "[are] not considered for the purpose of establishing diversity jurisdiction" particularly where a trustee is joined "merely because he occupies the position pursuant to a deed of trust." *Prasad v. Wells Fargo Bank, N.A.*, 2011 WL 4074300, at *2-*3 (W.D. Wash. 2011), quoting *SEC v. Cherif*, 933 F.2d 403, 414 (7th Cir. 1991) (noting that "most courts that have considered the issue of whether a trustee under a deed of trust is a nominal defendant in an action challenging foreclosure… have taken the position advanced by [the lender]", i.e., that the trustee is nominal). Indeed, a trustee is typically treated as a nominal defendant, particularly where the trustee is joined "merely because [it] occupies the position pursuant to a deed of trust." See *id.* at *2. In fact, "[m]ost courts have considered the issue of whether a trustee under a deed of trust is a nominal defendant in an action challenging the foreclosure…of property have taken the position [that a trustee is a nominal defendant]." *Id.* (emphasis added); see also *Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 873 (9th Cir. 2000) ("We will ignore the citizenship of 'nominal or formal parties who have no interest in the action,' and are '"merely joined to perform the ministerial act of conveying the title."'") (citations omitted). Here, Plaintiff undoubtedly named Northwest because of the position it purportedly occupied or occupies pursuant

NOTICE OF REMOVAL – Case No. _____ – Page 3

**HOLLAND & KNIGHT LLP**
111 S.W. Fifth Avenue
2300 U.S. Bancorp Tower
Portland, Oregon 97204
Telephone: 503.243.2300

#49080884_v6

     a.     Plaintiff alleges that she resides in King County, Washington at 13540 SE 159th Place, Renton, WA 98058. Compl., p. 1.

     b.     Wells Fargo Bank N.A. is a Delaware corporation with its principal place of business in San Francisco, California. It is therefore a citizen of Delaware and California for diversity purposes.

     c.     MERS is a Delaware corporation with its principal place of business in Virginia. It is therefore a citizen of Delaware and Virginia for diversity purposes.

     d.     Nationstar Mortgage LLC is a Delaware limited liability company with its principal place of business located in Coppell, Texas. It is therefore a citizen of Delaware and Texas for diversity purposes.

     e.     Bank of America, N.A. is a national bank with its principal place of business in Charlotte, North Carolina. It is therefore a citizen of North Carolina for diversity purposes.

     f.     Upon information and belief Jay Bray is an individual who is the President and Chief Executive Officer for Nationstar Mortgage LLC. Upon information and belief he is a citizen of Texas for diversity purposes.

7.     The amount in controversy exceeds $75,000 because Plaintiff seeks to quiet title to the property in her name, thereby eliminating Defendants' ability to enforce the loan over the property. A Notice of Removal may assert the amount in controversy if the initial pleading seeks nonmonetary relief. See 28 U.S.C. § 1446(c)(2)(A)(1). "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Henderson v. Nationstar Mortgage Co.*, 2008 WL 302374, at *1 (W.D. Wash. 2008) (citing *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)). The object of the litigation is the property located at 13540 SE 159th Place, Renton, WA

---

to the Deed of Trust. The Complaint, to the extent it can be deciphered, however does not appear to contain any substantive allegations of wrongdoing specifically against Aztec and does not appear to request any affirmative relief from it; thus, Aztec should be considered a nominal defendant for purposes of diversity jurisdiction.

NOTICE OF REMOVAL – Case No. _____ – Page 4

**HOLLAND & KNIGHT LLP**
111 S.W. Fifth Avenue
2300 U.S. Bancorp Tower
Portland, Oregon 97204
Telephone: 503.243.2300

#49080884_v6

95058 which was purchased pursuant to a loan in the amount of $596,031 and which Plaintiff seeks to quiet title to. Accordingly, the amount in controversy exceeds $75,000.

8. Pursuant to LCR 101(b), a copy of the operative complaint is attached to this Notice of Removal in the electronic filing system, labeled the "Complaint." Removing Defendants will file, within fourteen days of filing this Notice of Removal, copies of all additional records and proceedings in the state court, together with a verification that they are true and complete copies of all the records and proceedings in the state court proceeding.

9. Written notice of the filing of this Notice of Removal and the removal of the state court action is being served on Plaintiff.

10. Removing Defendants will file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of Washington for King County concurrently with the filing of this Notice.

11. <u>Intradistrict Assignment</u>. Pursuant to LCR 101(e) and 3(d), Removing Defendants state that the property that is the subject of this action appears to be situated in King County, and the county in which the state-court action is pending is King County, making assignment of this matter to the Seattle Division appropriate.

WHEREFORE, Removing Defendants respectfully give notice that the above-entitled action is removed from the King County Superior Court to the United States District Court for the Western District of Washington at Seattle.

DATED this 13th day of January, 2017.

HOLLAND & KNIGHT LLP

By: *s/ David J. Elkanich*
David J. Elkanich, WSBA No. 35956
Email: david.elkanich@hklaw.com
Garrett S. Garfield, WSBA No. 48375
Email: garrett.garfield@hklaw.com
2300 U.S. Bancorp Tower
111 SW Fifth Avenue
Portland, OR 97204

NOTICE OF REMOVAL – Case No. _____ – Page 5

**HOLLAND & KNIGHT LLP**
111 S.W. Fifth Avenue
2300 U.S. Bancorp Tower
Portland, Oregon 97204
Telephone: 503.243.2300

#49080884_v6

Telephone: (503) 243-2300
Facsimile: (503) 241-8014

*Of Attorneys for Defendants Wells Fargo Bank National Association, As Trustee For The Certificate Holders of the MLMI Trust, Mortgage Loan Asset-Backed Certificates, Series 2005 WMC2; Nationstar Mortgage LLC; Mortgage Electronic Registration Systems, Inc.; and Jay Bray*

NOTICE OF REMOVAL – Case No. _____ – Page 6

**HOLLAND & KNIGHT LLP**
111 S.W. Fifth Avenue
2300 U.S. Bancorp Tower
Portland, Oregon 97204
Telephone: 503.243.2300

#49080884_v6

# CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing NOTICE OF REMOVAL to be served on the following person[s]:

Barbara Robinson
13540 SE 159th Place
Renton, WA 98058
  *Plaintiff*

Christopher G. Varallo, WSBA No. 29410
Steven J. Dixson, WSBA No. 38101
cgv@witherspoonkelley.com
sjd@witherspoonkelley.com
422 W. Riverside Avenue, Suite 1100
Spokane, WA 99201-0300
  *Attorneys for Defendants Mortgage Electronic Registration Systems, Inc. and Bank of America, N.A.*

by causing the document to be delivered by the following indicated method or methods:

☐ by CM/ECF electronically mailed notice from the Court on the date set forth below.

☑ by mailing full, true and correct copies thereof in sealed, first class postage prepaid envelopes, addressed to the parties and/or their attorneys as shown above, to the last-known office addresses of the parties and/or attorneys, and deposited with the United States Postal Service at Portland, Oregon, on the date set forth below.

☐ by causing full, true, and correct copies thereof to be hand-delivered to the parties and/or their attorneys at their last-known office addresses listed above on the date set forth below.

☐ by sending full, true, and correct copies thereof, via overnight courier in sealed, prepaid envelopes, addressed to the parties and/or their attorneys as shown above, to the last-known office addresses of the parties and/or their attorneys, on the date set forth below.

☐ by faxing full, true, and correct copies thereof to the fax machines which are the last-known fax numbers for the parties' and/or attorneys' offices, on the date set forth below.

DATED January 13, 2017.

  *s/ David J. Elkanich*
  David J. Elkanich

CERTIFICATE OF SERVICE - Page 1

#49080884_v6