1

2                                                    **Honorable James L. Robart**

3

4

5

6

7                        UNITED STATES DISTRICT COURT

8                        WESTERN DISTRICT OF WASHINGTON
                                     AT SEATTLE

9

10   BARBARA ROBINSON,                        Case No. 2:17-cv-00061 JLR

11            Plaintiff,                       OPPOSITION TO PLAINTIFF'S MOTION
                                              TO INTERVENE AND ORDER
12        v.                                  DISMISSING ALL DEFENDANTS'
                                              MOTIONS FOR DISMISSAL FOR LACK
13   WELLS FARGO BANK NATIONAL                OF STANDING
     ASSOCIATION, AS TRUSTEE FOR THE
14   CERTIFICATE HOLDERS OF THE MLMI
     TRUST, MORTGAGE LOAN ASSET-BACKED        (SUBMITTED BY DEFENDANTS
15   CERTIFICATES, SERIES 2005 WMC2;          WELLS FARGO BANK NATIONAL
     MORTGAGE ELECTRONIC REGISTRATION         ASSOCIATION, AS TRUSTEE FOR THE
16   SYSTEMS, INC.; NATIONSTAR MORTGAGE       CERTIFICATE HOLDERS OF THE MLMI
     LLC; JAY BRAY; AZTEC FORECLOSURE         TRUST, MORTGAGE LOAN ASSET-
17   CORPORATION OF WASHINGTON                BACKED CERTIFICATES, SERIES 2005
                                              WMC2; NATIONSTAR MORTGAGE
18            Defendants.                      LLC; MORTGAGE ELECTRONIC
                                              REGISTRATION SYSTEMS, INC.; AND
19                                            JAY BRAY)

20

21                              **OPPOSITION**

22        Defendants Wells Fargo Bank National Association, As Trustee for the Certificate

23   Holders of the MLMI Trust, Mortgage Loan Asset-Backed Certificates Series 2005 WMC2

24   ("Wells Fargo"), Mortgage Electronic Registration Systems ("MERS"), Nationstar Mortgage

25   LLC ("Nationstar"), and Jay Bray (collectively, the "Opposing Defendants"), object as follows

26   to Plaintiff's Notice of Motion to Intervene and Order Dismissing all Defendants' Motions for

OPPOSITION TO PLAINTIFF'S MOTION TO INTERVENE AND          HOLLAND & KNIGHT LLP
ORDER DISMISSING ALL DEFENDANTS' MOTIONS FOR                 111 S.W. Fifth Avenue
DISMISSAL FOR LACK OF STANDING: Case No. 2:17-cv-00061 JLR   2300 U.S. Bancorp Tower
– Page  1                                                    Portland, Oregon  97204
                                                             Telephone: 503.243.2300

1  Dismissal for Lack of Standing (Dkt. No. 24); and Memorandum to Support Order Dismissing
2  All Defendants' Motions for Dismissal for Lack of Standing (Dkt. No. 24-1 (together, the
3  "Motion")).[1]

4  ### POINTS AND AUTHORITIES

5  The arguments in Plaintiff's Motion have no merit and find no support in the law.[2]
6  Plaintiff argues: (1) that Washington's Deeds of Trust Act is an unconstitutional bill of attainder;
7  (2) that Opposing Defendants' counsel does not have standing to represent Opposing
8  Defendants; and (3) that the court should strike defendants' motions to dismiss because
9  statements of counsel are not evidence. These arguments are incorrect and her motions should be
10  denied.

11  **A.    *The Deeds of Trust Act is Not an Unconstitutional Bill of Attainder; This Court*
12  *May So Rule Without Respect to Intervention By the Attorney General.***

13  Although Plaintiff's apparent request to intervene in her own action seems unusual at first
14  blush, it appears upon review to stem from a misapprehension of Fed. R. Civ. P. 5.1. Under that
15  rule, a party that files a pleading, motion, or other paper drawing into question the
16  constitutionality of a state statute must file a notice so stating, and must serve the notice and the
17  paper raising the constitutional question on the state attorney general. *See* Fed. R. Civ. P. 5.1(a).
18  The attorney general then has the option to intervene in the action within 60 days of the notice.
19  *See id.* at subsec. (c). The court may not issue a final judgment holding the statute
20  unconstitutional before the 60 days have elapsed, but it may reject the constitutional challenge at
21  any time. *See id.*

22  Here, Plaintiff asserts that the Deeds of Trust Act is a bill of attainder, and thus repugnant
23  to the federal and state constitutions. *See* Motion (Dkt. No. 24), at p. 3. That assertion is

24  ---
25  [1] Plaintiff also filed a Declaration in Support of Notice of Motion to Intervene and Order Dismissing All Defendants' Motions for Dismissal for Lack of Standing (Dkt. No. 25), although the document lacks any statements of fact.
26  [2] Note that the Motion appears to be cribbed almost entirely from a faux article available online at: http://www.academia.edu/12404931/The_Deeds_of_Trust_Act_As_A_Bill_of_Attainder.

OPPOSITION TO PLAINTIFF'S MOTION TO INTERVENE AND
ORDER DISMISSING ALL DEFENDANTS' MOTIONS FOR
DISMISSAL FOR LACK OF STANDING: Case No. 2:17-cv-00061 JLR
– Page  2

**HOLLAND & KNIGHT LLP**
111 S.W. Fifth Avenue
2300 U.S. Bancorp Tower
Portland, Oregon  97204
Telephone: 503.243.2300

#51117979_v1

incorrect. A bill of attainder is a "special legislative act prescribing punishment, without a trial, for a specific person or group." Black's Law Dictionary 176 (8th ed. 2004). Historically, bills of attainder were passed by the English parliament in order to sentence to death persons who had attempted to overthrow the government. *See U.S. v. Brown*, 381 U.S. 437, 441–42 (1965) (tracing history of bills of attainder). In modern American constitutional usage, the prohibition on bills of attainder is an implementation of the principle of separation of powers, preventing the legislature from exercising judicial authority. *See id.* at 442. A legislative act is thus an impermissible bill of attainder only where the act "determines guilt and inflicts punishment upon an identifiable individual without provision of the protections of a judicial trial." *Nixon v. Administrator of General Services*, 433 U.S. 425, 468 (1977).

Washington's Deeds of Trust Act does not fit the bill and no court has ever even suggested that the Deeds of Trust Act could be considered a bill of attainder. To the contrary, Washington's Supreme Court has specifically upheld the Deeds of Trust Act against a constitutional due process challenge. *See Kennebec, Inc. v. Bank of the West*, 88 Wn. 2d 718 (1977). In *Kennebec*, the court noted that nonjudicial foreclosure of a deed of trust is simply a function of the parties' private agreement, which was recognized at common law. *See id.* at 724. The court further observed that the Deeds of Trust Act merely regulates the manner of operation of contractual provisions authorizing nonjudicial foreclosure, and further does so "almost solely for the protection of the debtor." *See id.* at 725.

For these reasons, the Deeds of Trust Act cannot reasonably be contended to be an unconstitutional bill of attainder. It does not determine guilt, does not inflict punishment, and does not single out an individual or identifiable group. Rather, it simply regulates the operation of power of sale clauses in private deeds of trust, to the extent parties include such clauses in their agreements. Plaintiff's Motion advances no argument to seriously contend otherwise. This Court should accordingly reject Plaintiff's constitutional challenge to the Deeds of Trust Act.

OPPOSITION TO PLAINTIFF'S MOTION TO INTERVENE AND ORDER DISMISSING ALL DEFENDANTS' MOTIONS FOR DISMISSAL FOR LACK OF STANDING: Case No. 2:17-cv-00061 JLR – Page  3

#51117979_v1

1  Under Fed. R. Civ. P. 5.1(c), the Court can and should do so immediately, without waiting for

2  Washington's Attorney General's decision whether to intervene.

3  **B.    *Counsel Properly Represents the Opposing Defendants In This Action.***

4  Plaintiff's arguments on the point are difficult to follow, but she appears to assert that the

5  undersigned attorneys in this case are foreign agents for purposes of the Foreign Agents

6  Registration Act, and must accordingly file with the Court proof of their right to represent

7  Opposing Defendants. *See* Dkt. No. 24-1, p. 8. But the Foreign Agents Registration Act does not

8  impose any such requirement. Instead, it requires agents who lobby in the United States on

9  behalf of foreign principals to disclose their affiliation. *See, e.g.*, *Attorney General of United*

10 *States v. Irish Northern Aid Committee*, 530 F. Supp. 241, 245 (S.D.N.Y. 1981) ("The general

11 purpose of the Act is to protect the security and foreign relations of this country by requiring

12 agents of foreign principals to identify themselves and disclose their activities."). The statute has

13 no bearing on this lawsuit.

14 **C.    *Opposing Defendants' Motion to Dismiss Is Based on the Deficiency of Plaintiff's Pleading, Not the Statements of Counsel.***

15

16 Plaintiff finally asserts an argument that boils down to a contention that Opposing

17 Defendants' motion to dismiss Plaintiff's amended complaint should be denied because

18 statements by counsel are not evidence.[3] That argument misunderstands the nature of a Fed. R.

19 Civ. P. 12(b)(6) motion to dismiss directed against the sufficiency of a pleading. The issue at this

20 stage is not what evidence has been adduced, but rather whether Plaintiff's amended complaint

21 sufficiently states a claim for relief under the familiar *Twombly/Iqbal* standard. That is a purely

22 legal question limited to the face of the pleading without respect to outside evidence.

23

24 _____

[3] Other than Plaintiff's Notice of Motion to Intervene and Order Dismissing All Defendants Motions for Dismissal
25 and Lack of Standing, Plaintiff did not file an Opposition to the Motion to Dismiss submitted by Defendants Wells
Fargo Bank, National Association, As Trustee for the Certificate Holders of the MLMI Trust, Mortgage Loan Asset-
26 Backed Certificates Series 2005 WMC2, Mortgage Electronic Registration Systems, Nationstar Mortgage LLC, and
Jay Bray.

OPPOSITION TO PLAINTIFF'S MOTION TO INTERVENE AND
ORDER DISMISSING ALL DEFENDANTS' MOTIONS FOR
DISMISSAL FOR LACK OF STANDING: Case No. 2:17-cv-00061 JLR
– Page  4

**HOLLAND & KNIGHT LLP**
111 S.W. Fifth Avenue
2300 U.S. Bancorp Tower
Portland, Oregon  97204
Telephone: 503.243.2300

#51117979_v1

1    Plaintiff's Amended Complaint fails to plead any claim for relief and fails as a matter of

2    law to show any reason that foreclosure should not proceed or that any defendants have acted

3    wrongfully in any way. Accordingly, the action should be dismissed with prejudice as against

4    Wells Fargo, MERS, Nationstar, and Jay Bray.

5                                      **CONCLUSION**

6    Plaintiff's Motion lacks any basis in fact or law and should be denied.

7

8    DATED this 4th day of May, 2017.

9                                      HOLLAND & KNIGHT LLP

10                                     By:  *s/ David J. Elkanich*

11                                         David J. Elkanich, WSBA No. 35956
                                           Email: david.elkanich@hklaw.com
12                                         Garrett S. Garfield, WSBA No. 48375
                                           Email: garrett.garfield@hklaw.com
13                                         2300 U.S. Bancorp Tower
                                           111 SW Fifth Avenue
14                                         Portland, OR 97204
                                           Telephone:  (503) 243-2300
15                                         Facsimile:   (503) 241-8014

16
                                       *Of Attorneys for Defendants Wells Fargo Bank*
17                                     *National Association, As Trustee For The*
                                       *Certificate Holders of the MLMI Trust, Mortgage*
18                                     *Loan Asset-Backed Certificates, Series 2005*
                                       *WMC2, Nationstar Mortgage LLC, Mortgage*
19                                     *Electronic Registration Systems, Inc., and Jay Bray*

20

21

22

23

24

25

26

OPPOSITION TO PLAINTIFF'S MOTION TO INTERVENE AND
ORDER DISMISSING ALL DEFENDANTS' MOTIONS FOR
DISMISSAL FOR LACK OF STANDING: Case No. 2:17-cv-00061 JLR
– Page  5

**HOLLAND & KNIGHT LLP**
111 S.W. Fifth Avenue
2300 U.S. Bancorp Tower
Portland, Oregon  97204
Telephone: 503.243.2300

#51117979_v1

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I caused the foregoing OPPOSITION TO PLAINTIFF'S MOTION TO INTERVENE AND ORDER DISMISSING ALL DEFENDANTS' MOTIONS FOR DISMISSAL FOR LACK OF STANDING (SUBMITTED BY DEFENDANTS WELLS FARGO BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF THE MLMI TRUST, MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2005 WMC2, NATIONSTAR MORTGAGE LLC, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AND JAY BRAY)
to be served on the following person[s]:

Barbara Robinson
13540 SE 159th Place
Renton, WA 98058
    *Plaintiff*

Christopher G. Varallo
Steven J. Dixson
cgv@witherspoonkelley.com
sjd@witherspoonkelley.com
422 W. Riverside Avenue, Suite 1100
Spokane, WA 99201-0300
    *Attorneys for Defendants Mortgage Electronic Registration Systems, Inc., and Bank of America, N.A.*

by causing the document to be delivered by the following indicated method or methods:

☒    by CM/ECF electronically mailed notice from the Court on the date set forth below.

☒    by mailing full, true and correct copies thereof in sealed, first class postage prepaid envelopes, addressed to the parties and/or their attorneys as shown above, to the last-known office addresses of the parties and/or attorneys, and deposited with the United States Postal Service at Portland, Oregon, on the date set forth below.

☐    by causing full, true, and correct copies thereof to be hand-delivered to the parties and/or their attorneys at their last-known office addresses listed above on the date set forth below.

☐    by sending full, true, and correct copies thereof, via overnight courier in sealed, prepaid envelopes, addressed to the parties and/or their attorneys as shown above, to the last-known office addresses of the parties and/or their attorneys, on the date set forth below.

☐    by faxing full, true, and correct copies thereof to the fax machines which are the last-known fax numbers for the parties' and/or attorneys' offices, on the date set forth below.

DATED May 4th, 2017.


*s/ David J. Elkanich*
David J. Elkanich

CERTIFICATE OF SERVICE  - Page 1

#51117979_v1