Christopher G. Varallo, WSBA No. 29410
Steven J. Dixson, WSBA No. 38101
WITHERSPOON · KELLEY
422 West Riverside Avenue, Suite 1100
Spokane, WA  99201-0300
Telephone:  (509) 624-5265
Facsimile:   (509) 458-2728
cgv@witherspoonkelley.com
sjd@witherspoonkelley.com

*Attorneys for Defendant Bank of America, N.A.*

Hon. James L. Robart

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| BARBARA ROBINSON,<br><br>        Plaintiff,<br><br>   vs.<br><br>WELLS FARGO BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF THE MLMI TRUST, MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2005 WMC2; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; NATIONSTAR MORTGAGE; BANK OF AMERICA; JAY BRAY; AZTEC FORECLOSURE CORPORATION OF WASHINGTON,<br><br>        Defendants. | Case No.:  2:17-cv-00061-JLR<br><br>DEFENDANT BANK OF AMERICA, N.A.'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT<br><br>**NOTED ON MOTION CALENDAR:**<br>**May 12, 2017** |

## I.    INTRODUCTION

Plaintiff's claims are based on legally and factually unsound allegations of defects in the chain of title relating to loan documents she voluntarily executed.  Further, Plaintiff's claims are not properly asserted against Bank of America, N.A., improperly sued as "Bank of America,"

BANK OF AMERICA, N.A.'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT - 1
Case No.:  2:17-cv-00061-JLR
S1545388.DOCX

WITHERSPOON · KELLEY
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100        Phone: 509.624.5265
Spokane, Washington 99201-0300              Fax: 509.458.2728

("BANA") which ceased to service the subject loan years before foreclosure. Currently pending before this Court are Defendants' Motions to Dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF Nos. 19, 20, 22, 23 & 23-1.

In apparent response to the pending Motions to Dismiss, Plaintiff submitted a "Notice of Motion to Intervene and Order Dismissing All Defendants [*sic*] Motions for Dismissal for Lack of Standing; Notice of Constitutional Challenge," along with a memorandum and declaration in support thereof (collectively, the "Response"), asserting varied unavailing arguments lacking any sound legal foundation or relevance to issues raised in Defendants' motions or the Amended Complaint. *See* ECF Nos. 24, 24-1 & 25 (respectively). Ignoring the Rule 12(b)(6) challenges raised by Defendants, the Response instead contends that: the Deeds of Trust Act is an unconstitutional bill of attainder; Defendants' attorneys lack standing to represent their respective clients; and the motions to dismiss should be stricken, because they are supported by purportedly inadmissible declarations of counsel. *See, generally, id.* These arguments are wholly without merit, and Plaintiff's Amended Complaint should be dismissed with prejudice for reasons set forth in the principal Motions, unrefuted in the Response and as elaborated below.

## II.   ARGUMENT

As noted above, Plaintiff's Response argues that the Deeds of Trust Act is unconstitutional, defense counsel lacks standing to oppose this litigation and the Motions to Dismiss are improperly supported by inadmissible "testimony" of counsel. ECF No. 24 at 3; ECF No. 24-1 at 8, 21. None of these arguments is sound, and none salvages Plaintiff's legally and factually deficient Amended Complaint, which should be dismissed with prejudice for reasons set forth in the Motion to Dismiss and supporting papers ("Motion") submitted by

BANK OF AMERICA, N.A.'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT - 2
Case No.: 2:17-cv-00061-JLR
S1545388.DOCX

**WK** WITHERSPOON·KELLEY
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100   Phone: 509.624.5265
Spokane, Washington 99201-0300   Fax: 509.458.2728

BANA, a Motion unrebutted by Plaintiff.  *See* LCR 7(b)(2) (noting failure to oppose motion to dismiss "may be considered . . . an admission that the motion has merit.").

### A.     **The DTA Is Not an Unconstitutional Bill of Attainder.**

Plaintiff's first argument in her Response is that Washington's Deeds of Trust Act, RCW 61.24.005 *et seq.* (the "DTA"), violates Article I, Sections 9 and 10, of the United States Constitution and Article I, section 23, of the Washington Constitution, by resulting in punishment of individuals such as Plaintiff "without judicial trial."  *See, generally,* ECF No. 24.  This contention, apparently based almost entirely on a publicly-available article neither cited nor otherwise credited in the Response, is without merit.

The principle Plaintiff erroneously invokes prohibits judicial acts that "determine[ ] guilt and inflict punishment upon an identifiable individual without . . . the protections of a judicial trial."  *See Nixon v. Adm'r*, 433 U.S. 425, 468 (1977); *see also State v. Manussier*, 129 Wn.2d 652, 665-67, 921 P.2d 473 (1996) (discussing identical elements of bill of attainder under U.S. and Washington constitutions).  The constitutional prohibitions on bills of attainder are meant to protect individuals against improper criminal prosecutions.  *See, e.g.*, *Carmell v. Texas*, 529 U.S. 513, 528-31, 536-37 (2000); *see also Manussier*, 129 Wn.2d at 665-67.  Even in the criminal context, the prohibition does not apply if the act "provides for a trial which is appropriate for the nature of the case" and applies equally to all individuals "who come within the ambit of the" statutory provisions.  *See State v. Scheffel*, 82 Wn.2d 872, 881, 514 P.2d 1052 (1973) (*en banc*).

In short, Plaintiff cannot avoid dismissal based on the incorrect and irrelevant claim that the DTA is a bill of attainder.  First, Plaintiff's argument is misguided inasmuch as the bill of attainder prohibition is a criminal one inapplicable to civil cases such as this one.  *See id.*

BANK OF AMERICA, N.A.'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT - 3
Case No.:  2:17-cv-00061-JLR
S1545388.DOCX

**wk** WITHERSPOON·KELLEY
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100     Phone: 509.624.5265
Spokane, Washington 99201-0300          Fax: 509.458.2728

Regardless, Plaintiff's purported constitutional challenge is unavailing because the DTA neither punishes individuals without due process nor singles out Plaintiff or any identifiable group for such punishment. *See Kennebec, Inc. v. Bank of the West*, 88 Wn.2d 718, 725, 565 P.2d 812 (1977) (rejecting due process challenge to DTA and noting, "Since 1965, deeds of trust providing for nonjudicial foreclosure have been permissible as they would have been at common law when Washington was first a territory."); *see also Jackson v. Quality Loan Serv. Corp.*, 186 Wn. App. 838, 848, 347 P.3d 487 (2015) (finding enactment of DTA was proper exercise of legislative authority). Plaintiff's constitutional challenge thus fails to save her Amended Complaint, which for reasons set forth in BANA's Motion fails to state any valid claim for relief. *See, generally,* ECF No. 22 (Motion).

### B. BANA's Counsel Properly Represents BANA in this Litigation.

Plaintiff's Response also argues that the Motion must be dismissed for "lack of standing" because, according to Plaintiff, an attorney must register under the Foreign Agents Registration Act, 22 U.S.C. § 611, *et seq.* (FARA), in order "to legally and lawfully represent any party or participant" before the Court. *See id.* at 6. Based on the foregoing, Plaintiff reaches a conclusion that the Court cannot consider the Motion, or any other submission by BANA's counsel, until counsel files proof of "standing to represent or act on and in behalf of" BANA. *Id.* at 8-9. This argument is both nonsensical and false.

FARA serves "to control the spread of propaganda by foreign agents" acting to disparage "the American form of government." *Meese v. Keene*, 481 U.S. 465, 487 (1987) (Blackmun, J., dissenting in part) (citations omitted) (discussing legislative history). Only an "agent of a foreign principal," defined as an actor at the behest of a government or entity based in a foreign country, must comply with FARA's registration requirements and file a statement

BANK OF AMERICA, N.A.'S REPLY IN SUPPORT
OF MOTION TO DISMISS PLAINTIFF'S FIRST
AMENDED COMPLAINT - 4
Case No.: 2:17-cv-00061-JLR
S1545388.DOCX



WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300    Fax: 509.458.2728

with the United States Secretary of State.  *See Viereck v. United States*, 318 U.S. 236, 237 (1943); *see also Rabinowitz v. Kennedy*, 376 U.S. 605, 608-10 (1964).  FARA thus does not apply as erroneously alleged in Plaintiff's Response, which asserts only that BANA's counsel did not file a statement of "foreign" agency with the Court.  *Cf.* ECF no. 24-1 at 6-9.  No such statement is required, and Plaintiff's FARA argument is meritless.[1]

### C. There Is No Valid Basis to Strike BANA's Motion.

The final argument in Plaintiff's Response is that the Court must strike the Motion because the arguments therein and declaration of counsel in support thereof are not admissible evidence.  ECF No. 24-1 at 11-22.  To support this contention, Plaintiff relies on a patchwork of biblical references, general disparagements of the truthfulness of the legal profession and non-binding cases discussing trial evidence.  *See id.*  Like the other claims in Plaintiff's Response, her Motion to Strike fails for lack of legal or factual foundation.

Federal Rule of Civil Procedure 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  This rule does not permit striking another motion, since by its "express language . . . only ***pleadings*** are subject to motions to strike."  *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983) (emphasis added) (finding lower court erred in striking motion for reconsideration).  Plaintiff's motion to strike BANA's Motion is therefore improper and should be denied, because Rule 12(f) does not permit the Court to strike the Motion.  *See id.*

---

[1] Plaintiff does not contend that counsel is not an attorney in good standing admitted to practice before the Court, and all pleadings submitted by counsel in this matter are subject to Federal Rule of Civil Procedure and LCR 11(a).  Counsel is a member in good standing of the Washington Bar and admitted to practice in this Court.

BANK OF AMERICA, N.A.'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT - 5
Case No.: 2:17-cv-00061-JLR
S1545388.DOCX

**WK WITHERSPOON·KELLEY**
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100     Phone: 509.624.5265
Spokane, Washington 99201-0300           Fax: 509.458.2728

1  Nor does Plaintiff offer any basis to find otherwise by attempting to question the veracity of the Motion, its contents and documents in support or BANA's counsel generally. *Cf.* ECF No. 24-1 at 11-22. Longstanding authority, discussed at length in BANA's Motion, permits dismissal of any complaint that fails to state a claim on which relief could be granted. *See* Doc. 22 at 5-6 (citing cases); *see also* Fed. R. Civ. P. 12(b)(6). Thus, the Court may grant BANA's Motion so long as Plaintiff's Amended Complaint fails to offer factual allegations to suggest that Plaintiff is entitled to relief against BANA for the wrongdoing claimed therein. *See Ashcroft v. Iqbal*, 556 U.S. 662, 663-64, 682 (2009); *see also* ECF No. 22 at 6. Plaintiff has not done so, as established in the Motion, and dismissal with prejudice is appropriate.

**D.    The Motion Should Be Granted Because Plaintiff Failed to Oppose It.**

The party opposing a motion to dismiss must "file with the clerk, and serve on each party . . . a brief in opposition to the motion." LCR 7(b)(2). The party's failure to comply with this requirement "may be considered by the court as an admission that the motion has merit." *Id.* Here, Plaintiff has effectively admitted the merits of BANA's Motion by failing to properly oppose it, offering no argument in fact or law regarding the numerous fatal defects of the Amended Complaint set forth in the Motion, and instead submitting baseless challenges to Washington law, the standing and integrity of defense counsel and, it would appear, the entire mechanism of a Rule 12(b)(6) motion to dismiss. *See, generally,* ECF Nos. 24, 24-1 and 25. Pursuant to LCR 7(b)(2), the Court may treat Plaintiff's failure to oppose the Motion as her admitting its merit, and the Motion should be granted.

To briefly restate the arguments in BANA's Motion, the Amended Complaint fails to state a claim against BANA because Plaintiff's allegations establish that BANA had no involvement in the foreclosure activity giving rise to the causes of action therein and,

BANK OF AMERICA, N.A.'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT - 6
Case No.:  2:17-cv-00061-JLR
S1545388.DOCX



422 W. Riverside Avenue, Suite 1100      Phone: 509.624.5265
Spokane, Washington 99201-0300              Fax: 509.458.2728

regardless, Plaintiff cannot prevail against BANA on any such claim as a matter of law. *See* ECF Nos. 22, 23 and 23-1.

First, Plaintiff fails to state a claim against BANA under the FDCPA, because her FDCPA claim is based on events occurring in or after October 2016, over three years after BANA ceased servicing the subject loan. ECF No. 22 at 7. Furthermore, even if Plaintiff could offer facts to claim that BANA violated the FDCPA, any such claim would be time-barred and legally deficient, since BANA has not engaged in any activity relating to the loan within the one-year limitations period and foreclosure does not qualify as "collection of a debt within the meaning of the FDCPA." *Id.* at 7-8 (citing authority).

Second, Plaintiff cannot state a claim against BANA for declaratory or injunctive relief, because there is no genuine controversy between Plaintiff and BANA; the facts of her Amended Complaint make clear that BANA is not involved in the complained-of foreclosure, and both Plaintiff's allegations and judicially noticeable documents establish that BANA does not and cannot currently claim any interest in the subject loan or property. *Id.* at 9-11. Nor can Plaintiff maintain a claim to quiet title in the property, which has not yet been sold, such that there is no controversy concerning title currently ripe for disposition. *See id.* at 11-12.

Consequently, as discussed in detail in BANA's Motion and unrefuted by Plaintiff, the Amended Complaint fails to and cannot be further amended to state a valid claim against BANA, and dismissal with prejudice is appropriate. *See, generally,* ECF No. 22.

### III.  CONCLUSION

As discussed at length in BANA's Motion to Dismiss Plaintiff's Amended Complaint, Plaintiff has not offered and cannot supply any allegations to support any plausible claim for relief against BANA. Therefore, for reasons set forth in BANA's Motion and pursuant to

BANK OF AMERICA, N.A.'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT - 7
Case No.: 2:17-cv-00061-JLR
S1545388.DOCX

**WK** WITHERSPOON·KELLEY
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100   Phone: 509.624.5265
Spokane, Washington 99201-0300   Fax: 509.458.2728

Federal Rule of Civil Procedure 12(b)(6), the Amended Complaint should be dismissed, in its entirety and with prejudice, as to BANA.

Respectfully submitted this 12th day of May, 2017.

WITHERSPOON · KELLEY

*s/ Christopher G. Varallo*
Christopher G. Varallo, WSBA No. 29410
Steven J. Dixson, WSBA No. 38101
cgv@witherspoonkelley.com
sjd@witherspoonkelley.com
422 W. Riverside Ave., Suite 1100
Spokane, WA 99201-0300
Phone: (509) 624-5265
Fax: (509) 458-2717
*Attorneys for Defendant Bank of America, N.A.*

BANK OF AMERICA, N.A.'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT - 8
Case No.: 2:17-cv-00061-JLR
S1545388.DOCX



WITHERSPOON · KELLEY
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300    Fax: 509.458.2728

# CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of May, 2017,

1.　I caused to be electronically filed the foregoing DEFENDANT BANK OF AMERICA, N.A.'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

**David John Elkanich**
**serve.dje@hklaw.com**; **jennifer.kilbourn@hklaw.com**
**pamela.sullivan@hklaw.com**

2.　I hereby certify that I have caused to be mailed by United States Postal Service the foregoing DEFENDANT BANK OF AMERICA, N.A.'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT to the following non-CM/ECF participants at the address listed below:

**Barbara Robinson**
**13540 SE 159th Pl.**
**Renton, WA 98058**

3.　I hereby certify that I have mailed by United States Postal Service the foregoing document to the following CM/ECF participants at the address listed below: **None.**

4.　I hereby certify that I have hand-delivered the foregoing document to the following participants at the addresses listed below: **None**.

*s/ Christopher G. Varallo*
Christopher G. Varallo, WSBA No. 29410

BANK OF AMERICA, N.A.'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT - 9
Case No.: 2:17-cv-00061-JLR
S1545388.DOCX



422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300    Fax: 509.458.2728