UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BARBARA ROBINSON,<br><br>                     Plaintiff,<br>   v.<br><br>WELLS FARGO BANK<br>NATIONAL ASSOCIATION, et al.,<br><br>                 Defendants. | CASE NO. C17-0061JLR<br><br>ORDER GRANTING MOTIONS<br>TO DISMISS |

## I. INTRODUCTION

Before the court are two motions: (1) Defendants Wells Fargo Bank National Association, as Trustee for the Certificate Holders of the MLMI Trust, Mortgage Loan Asset-Backed Certificates Series 2005 WMC2 ("Wells Fargo"), Mortgage Electronic Registration System ("MERS"), Nationstar Mortgage LLC ("Nationstar"), and John Bray's (collectively, "Moving Defendants") motion to dismiss (Wells MTD (Dkt. # 19)) *pro se* Plaintiff Barbara Robinson's amended complaint (FAC (Dkt. ## 13-1, 13-2)); and

(2) Defendant Bank of America, N.A.'s ("BANA") motion to dismiss Ms. Robinson's amended complaint (2d BANA MTD (Dkt. # 22)).

In addition, before the court are two documents Ms. Robinson filed: (1) "Notice of Motion to Intervene and Order Dismissing All Defendants Motions for Dismissal for Lack of Standing," and (2) "Memorandum to Support Order Dismissing All Defendants [sic] Motions for Dismissal for Lack of Standing." (*See* Resp. (Dkt. ## 24, 24-1).) The court liberally construes Ms. Robinson's "motion" and memorandum as a response to Defendants' motions to dismiss because a motion to intervene is nonsensical when Ms. Robinson is already a party to this lawsuit.[1] *See* Fed. R. Civ. P. 24; *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013) ("Courts in this circuit have an obligation to give a liberal construction to the filings of pro se litigants.").

The court has considered Defendants' motions, Ms. Robinson's response, all submissions filed in support of and opposition to the motions, the relevant portions of the record, and the applicable law. Being fully advised,[2] the court GRANTS the motions and dismisses Ms. Robinson's complaint with prejudice and without leave to amend.

---

[1] Moving Defendants also suggest that Ms. Robinson's "motion to intervene" may also stem from a misapprehension of Federal Rule of Civil Procedure 5.1. (Wells Reply (Dkt. # 26) at 2.) Under Rule 5.1, a party that files a paper questioning the constitutionality of a state statute must file a notice so stating and must serve the notice and paper on the state attorney general. *See* Fed. R. Civ. P. 5.1(a). The attorney general then has the option to intervene in the action within 60 days of the notice, and the court may not issue final judgment holding the statute unconstitutional before the 60-day time period has expired. Fed. R. Civ. P. 5.1(c). However, the court may reject a constitutional challenge to a state statute at any time. *Id.* Indeed, the court rejects herein Ms. Robinson's assertion that Washington's Deeds of Trust Act is unconstitutional. *See infra* § III.D.

[2] No party requested oral argument, and the court determines that oral argument would not help its disposition of the motions. *See* Local Rules W.D. Wash. LCR 7(b)(4).

## II.    BACKGROUND

On February 16, 2005, WMC Mortgage Corp. ("WMC") loaned Ms. Robinson $596,031.00 to purchase the property located at 13540 Southeast 159th Place, Renton, Washington 98058 ("the Property"). (Varallo Decl. (Dkt. # 23) ¶ 2, Ex. A.)[3] The loan is secured with a Deed of Trust ("DOT") on the Property, and the DOT is recorded in King County. (*See id.*) The DOT lists Ms. Robinson and her husband as borrowers, WMC as the lender, Bishop & Lynch of King County as the trustee, and MERS as the beneficiary, solely as nominee of the lender and its heirs. (*Id.*)

On January 5, 2010, a representative of MERS as nominee for WMC recorded a Corporate Assignment of Mortgage/Deed of Trust, which assigned the DOT to Wells Fargo, as trustee for the securitized trust investor. (*Id.* ¶ 3, Ex. B.) That same day, Wells Fargo recorded an Appointment of Successor Trustee, which appointed Northwest Trustee Services, Inc. ("NW Trustee") as the trustee on the DOT. (*Id.* ¶ 4, Ex. C.) On

---

[3] Generally, a district court may not consider material beyond the complaint in ruling on a Rule 12(b)(6) motion to dismiss. *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001). The Ninth Circuit, however, has carved out limited exceptions to this rule. On a motion to dismiss, the court may consider materials incorporated into the complaint or matters of public record. *See Coto Settlement v. Elsenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010). Federal Rule of Evidence 201 provides, in pertinent part, "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is . . . capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). "A trial court may presume that public records are authentic and trustworthy." *Gilbrook v. City of Westminster*, 177 F.3d 839, 858 (9th Cir. 1999) (citing *Johnson v. City of Pleasanton*, 982 F.2d 350, 352 (9th Cir. 1992)); *see also Allshouse v. Caliber Home Loans, Inc.*, No. CV1401287DMGJCX, 2014 WL 12594210, at *3 (C.D. Cal. Oct. 29, 2014) ("Courts routinely take judicial notice of assignments of deed of trust and similar recorded documents" in motions to dismiss.). Thus, in addition to Ms. Robinson's amended complaint, the court may also consider the public records appended to Christopher G. Varallo's declaration. (*See generally* Varallo Decl.)

January 28, 2010, NW Trustee recorded a Notice of Trustee's Sale, which scheduled a sale of the Property in foreclosure for April 30, 2010.  (*Id.* ¶ 5, Ex. D.)  On October 3, 2011, NW Trustee recorded a Notice of Discontinuance of Trustee's Sale, which discontinued the sale of the Property in foreclosure.  (*Id.* ¶ 6, Ex. E.)

On October 25, 2011, BANA, the servicer of the loan at that time, and Ms. Robinson executed a Loan Modification Agreement ("LMA") under which Ms. Robinson's monthly payments were modified effective August 1, 2011.  (*Id.* ¶ 7, Ex. F; *see also id.* ¶ 9, Ex. H (describing BANA as "the then-servicer of the loan secured by the [DOT]").)  BANA recorded the LMA in King County on October 25, 2011.  (*Id.* ¶ 7, Ex. F.)

On August 15, 2013, BANA mistakenly recorded an Assignment of Deed of Trust assigning any interest in the loan and DOT from BANA to Nationstar.  (*Id.* ¶ 8, Ex. G; *see id.* ¶ 9, Ex. H.)  On May 3, 2016, BANA recorded a Corrective Assignment of Deed of Trust to clarify that BANA had recorded the August 15, 2013, Assignment of Deed of Trust in error and that the original beneficiary, Wells Fargo—rather than Nationstar— remains the beneficiary on the DOT.  (*Id.* ¶ 9, Ex. H.)

On June 22, 2016, Wells Fargo recorded an Appointment of Successor Trustee, which appointed Defendant Aztec Foreclosure Corporation of Washington ("Aztec") as trustee.[4]  (*Id.* ¶ 10, Ex. I.)  On August 15, 2016, Aztec recorded a Notice of Trustee's Sale, which scheduled a sale of the Property for December 16, 2016.  (*Id.* ¶ 11, Ex. J.)

---

[4] Aztec has not appeared in this action.  (*See generally* Dkt.)

Based on the record before the court, it is unclear if the Property has been sold in foreclosure to date. (*See* Compl.; FAC; 2d BANA MTD at 4.)

Ms. Robinson filed this action in King County Superior Court on December 12, 2016. (*See* Compl. (Dkt. # 1-1).) Nationstar removed the action to this court on January 13, 2017. (Not. of Rem. (Dkt. # 1).) On January 20, 2017, BANA filed its first motion to dismiss the complaint. (1st BANA MTD (Dkt. # 7).) Ms. Robinson responded by filing a motion to amend her complaint. (MTA (Dkt. # 13).) Moving Defendants then filed their first motion to dismiss directed at Ms. Robinson's proposed amended complaint. (*See* Wells MTD.) On April 4, 2017, the court granted Ms. Robinson's motion to amend her complaint and denied BANA's first motion to dismiss as moot because BANA's motion addressed at Ms. Robinson's original complaint. (*See* 4/4/17 Order (Dkt. # 21) at 3-4.) On April 18, 2017, BANA filed its second motion to dismiss, which it directed at Ms. Robinson's amended complaint. (*See* 2d BANA MTD.) The court now considers Moving Defendants and BANA's motions to dismiss Ms. Robinson's amended complaint.

### III.     ANALYSIS

**A.     Legal Standard**

When considering a motion to dismiss under Rule 12(b)(6), the court construes the complaint in the light most favorable to the non-moving party. *Livid Holdings Ltd. v. Salomon Smith Barney, Inc*., 416 F.3d 940, 946 (9th Cir. 2005). The court must accept all well-pleaded allegations of material fact as true and draw all reasonable inferences in favor of the plaintiff. *See Wyler Summit P'ship v. Turner Broad. Sys., Inc*., 135 F.3d 658,

661 (9th Cir. 1998).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 663.

The court, however, need not accept as true a legal conclusion presented as a factual allegation.  *Id*. at 678.  Although Federal Rule of Civil Procedure 8 does not require "detailed factual allegations," it demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Id*. (citing *Twombly*, 550 U.S. at 555).  A pleading that offers only "labels and conclusions or a formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss under Rule 12(b)(6).  *Id*. Further, a pleading may fail to state a claim under Rule 12(b)(6) "either by lacking a cognizable legal theory or by lacking sufficient facts alleged under a cognizable legal theory."  *Woods v. U.S. Bank N.A.*, 831 F.3d 1159, 1162 (9th Cir. 2016).  Thus, a complaint must contain sufficient factual allegations to "plausibly suggest entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation."  *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

Finally, although "the allegations of [a *pro se* plaintiff's] complaint, 'however inartfully pleaded' are held 'to less stringent standards than normal pleadings drafted by

lawyers,'" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (quoting *Haines v. Kerner,* 404 U.S. 519, 520 (1972)), a court may still dismiss a complaint where "a liberal construction does not remedy the palpable deficiencies in [the] complaint," *Wallmuller v. Russell*, No. C14-5121RBL-JRC, 2014 WL 2475978, at *2 (W.D. Wash. June 3, 2014).

**B.      Moving Defendants' Motion to Dismiss**

Although Ms. Robinson's amended complaint is difficult to understand, she appears to contend that the treatment of her loan and the commencement of nonjudicial foreclosure proceedings against the Property were somehow wrongful.  (*See* FAC.) Moving Defendants assert that Ms. Robinson fails to allege sufficient facts or state a cognizable legal theory to adequately underpin her claims concerning the foreclosure process on the Property.  (*See generally* Wells MTD.)  The court now considers Moving Defendants' motion to dismiss Ms. Robinson's amended complaint.

1. Claims Against Mr. Bray

Ms. Robinson names Mr. Bray as a defendant in the amended complaint (*see* FAC ¶ 2), but the amended complaint is otherwise devoid of any specific factual allegations about him (*see generally id.*).  Indeed, Ms. Robinson nonsensically alleges that Mr. Bray is a "foreign corporation[] whose corporate domicile . . . is unknown." (*Id.* ¶ 2.)  Moving Defendants argue that the court should dismiss Ms. Robinson's claims against Mr. Bray because Ms. Robinson fails to allege any facts connecting Mr. Bray to the Property, her loan, or the DOT at issue in her amended complaint.  (Wells MTD at 3-4.)  The court agrees that Ms. Robinson fails to allege any basis for Mr. Bray's personal liability.

*//*

Accordingly, the court grants Moving Defendants' motion concerning Mr. Bray and dismisses Ms. Robinson's suit against him.

2. Claims Against MERS

Ms. Robinson's amended complaint is similarly almost entirely silent concerning MERS. In the single specific reference to MERS, Ms. Robinson alludes to "the parsed sale of certain rights under the 'Security' in part to at least one third party (Defendant MERS)." (FAC ¶ 11.) Moving Defendants argue that the court should dismiss MERS because Ms. Robinson has not alleged the elements of any viable theory of recovery against MERS. (Wells MTD at 4.) The court agrees and dismisses Ms. Robinson's suit against MERS.

3. Claims Relating to the Non-Judicial Foreclosure Process

The amended complaint leads off with a series of broad allegations that appear to assert that the nonjudicial foreclosure proceedings against the Property were or are improper in some way. (*See* FAC ¶¶ B.1-B.11.) Ms. Robinson alleges that Wells Fargo "has failed to demonstrate that it, and not the Certificateholders [of the MLMI Trust, Mortgage Loan Asset-Backed Certificates, Series 2005 WMC2]" is the beneficiary of Ms. Rrobinson's DOT. (*Id.* ¶ 4.) She further alleges that BANA has not demonstrated standing, there is a lien on the Property, and her request to cancel a foreclosure sale was denied. (*Id.* ¶¶ 5-6, 8-9.) The gist of Ms. Robinson's allegations appears to be that a "severance of the ownership and possession of the original Security and [DOT] has occurred," precluding foreclosure. (*See id.* ¶ 11.) Moving Defendants assert that these allegations do not plausibly show any defect in the foreclosure proceedings or any basis

upon which Moving Defendants could be held liable to Ms. Robinson under any theory. (Wells MTD at 4.)  The court agrees.

Although Ms. Robinson's allegations are difficult to understand, to the extent she contends that securitization of her loan precludes foreclosure, her allegations fail to state a claim under Rule 12(b)(6).  First, her complaint fails to state sufficient factual allegations to describe the securitization of her loan, let alone any irregularities in that process.  (*See generally* FAC.)  Second, and more importantly, securitization and any related assignments do not ordinarily constitute a defense to foreclosure under Washington law unless the borrower shows a genuine risk of paying the same debt twice. *Velasco v. Discover Mortg. Co*., No. 45642-7-II, 2015 WL 1753677, at *11 (Wash. Ct. App. Apr. 14, 2015) (unpublished) (noting the general rejection by federal courts of "the argument that securitization inherently changes the legal relationship between the parties to a promissory note and deed of trust, and stating, "[w]e hold that securitization does not discharge the [borrowers'] obligation to pay the promissory note"); *see also Andrews v. Countrywide Bank, NA*, 95 F. Supp. 3d 1298, 1301 (W.D. Wash. 2015), *reconsideration denied*, No. C15-0428JLR, 2015 WL 12085856 (W.D. Wash. Apr. 7, 2015) ("[A] borrower generally lacks standing to challenge the assignment of its loan documents unless the borrower shows that it is at a genuine risk of paying the same debt twice."); *Borowski v. BNC Mortg., Inc.*, No. C12-5867 RJB, 2013 WL 4522253, at *5 (W.D. Wash. Aug. 27, 2013) ("[T]here is ample authority that borrowers, as third parties to the assignment of their mortgage (and securitization process), cannot mount a challenge to the chain of assignments unless a borrower has a genuine claim that they are at risk of

paying the same debt twice if the assignment stands.").  Ms. Robinson has not alleged she

is subject to such a risk.  (*See generally* FAC.)  Thus, to the extent Ms. Robinson's

amended complaint is based on the premise that securitization of her loan discharged her

obligation to repay her promissory note or is otherwise relevant to the nonjudicial

foreclosure proceedings against the Property, she fails to state a claim.

Ms. Robinson also apparently contends that foreclosure on the Property is

improper due to the alleged "severance of the ownership and possession" of her

promissory note and DOT.  (*See* FAC ¶ 11.)  This contention also contravenes

Washington law.  First, the person authorized to enforce a promissory note does not have

to be the owner of that note; to the contrary, the holder of the note can enforce it

regardless of who owns the note.  *See* RCW 62A.3-301 ("'Person entitled to enforce' an

instrument means . . . the holder of the instrument . . . .  A person may be a person entitled

to enforce the instrument even though the person is not the owner of the instrument.");

*Deutsche Bank Nat. Tr. Co. v. Slotke*, 367 P.3d 600, 604 (Wash. Ct. App. 2016) ("[I]t is

the holder of a note who is entitled to enforce it.  It is not necessary for the holder to

establish that it is also the owner of the note secured by the deed of trust.").

Second, the Washington Supreme Court has declared that the Deed of Trust Act

"contemplates that the security instrument will follow the note, not the other way

around."  *Bain v. Metro. Mortg. Grp., Inc.*, 285 P.3d 34, 44 (Wash. 2012); *see also*

*Bavand v. OneWest Bank*, 385 P.3d 233, 248 (Wash. Ct. App. 2016), *as modified* (Dec.

15, 2016) ("By operation of law, [the borrower's] [DOT] followed the negotiation of that

note now held by [the foreclosing party].  Accordingly, [the foreclosing party] had the

ability to enforce the [DOT] due to its possession of the note."). Based on these authorities, it follows logically that the noteholder is entitled to enforce both the note and the DOT by operation of law. *See Bavand*, 385 P.3d at 248-49 ("[The bank's] authority to enforce the note and [DOT] arose by operation of law due to the bank's status as holder of the delinquent note."). Thus, "it is not a violation in Washington to split the note from the deed." *Zamzow v. Homeward Residential, Inc*., No. C12-5755 BHS, 2012 WL 6615931, at *1 (W.D. Wash. Dec. 19, 2012) (citing *Bain*). Based on this authority, any contention in the amended complaint that foreclosure is improper because the note and DOT are "split" fails as a matter of law.

Ms. Robinson also contends that "Defendants are legally precluded from foreclosing on the Property unless and until it [sic] can demonstrate full legal standing to do so." (FAC ¶ 11.) This allegation is a legal conclusion that is not entitled to a presumption of truth. *See Iqbal*, 556 U.S. at 678. Further, in a nonjudicial foreclosure of a DOT under Washington law, the foreclosing party (*i.e*., the beneficiary under the DOT) must provide to the trustee a declaration under penalty of perjury stating that the beneficiary is the actual holder of the note or other obligation secured by the DOT. *See* RCW 61.24.030(7). This declaration is sufficient proof of the beneficiary's authority to foreclose. *Id.* Ms. Robinson does not allege that there were any irregularities in this process or that Wells Fargo is not the actual holder of Ms. Robinson's promissory note. (*See generally* FAC.) Thus, to the extent Ms. Robinson contends that Moving Defendants or Wells Fargo must produce her original note before nonjudicially foreclosing on the Property, her claim fails as a matter of law. *See Bavand*, 385 P.3d at

239 (rejecting a borrower's contention that the beneficiary must produce the original note before foreclosing and noting that RCW 61.24.030(7) establishes what proof is necessary to foreclose nonjudicially).

In sum, Ms. Robinson fails to allege any plausible foundation for any claim against Moving Defendants based on the nonjudicial foreclosure of the Property.

### 4. FDCPA claims

The amended complaint contains a section entitled "FDCPA Violations," directed against Nationstar. (*See* FAC ¶¶ 12-16.) To state a claim under the Fair Debt Collections Practices Act ("FDCPA"), Ms. Robinson must allege facts supporting three threshold elements: (1) that Ms. Robinson is "consumer'; (2) that Nationstar is a "debt collector'; and (3) that Nationstar "committed some act or omission in violation of the FDCPA." *See Robinson v. Managed Accounts Receivables Corp.*, 654 F. Supp. 2d 1051, 1057 (C.D. Cal. 2009) (citing *Withers v. Eveland*, 988 F. Supp. 942, 945 (E.D. Va. 1997) and 15 U.S.C. § 1692a(3), (6)). Ms. Robinson fails to allege facts supporting these required elements of an FDCPA claim.

Under the FDCPA a "debt collector" is

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C.A. § 1692a(6). However, the definition excludes

> any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person.

15 U.S.C.A. § 1692a(6)(F)(iii).  Thus, a loan servicer, such as Nationstar, which acquires servicing rights before the loan at issue is in default, is not a debt collector under the FDCPA.  *See King v. Bank of Am., N.A.*, No. C15-1014-TSZ, 2015 WL 12930129, at *5 (W.D. Wash. Dec. 28, 2015) ("Case law makes clear that mortgage servicing companies are not debt collectors for purposes of the FDCPA unless the mortgages were in default when they were taken for servicing.").  Here, Ms. Robinson does not allege that her loan was in default at the time that Nationstar began servicing the loan (*see generally* FAC), and thus she fails to state an FDCPA claim against Nationstar.

5.  Injunctive and Declaratory Relief

Finally, Ms. Robinson also seeks both injunctive and declaratory relief.  (FAC ¶¶ A.17-33.)  Specifically, Ms. Robinson seeks temporary and permanent injunctive relief against Wells Fargo because Wells Fargo seeks to initiate foreclosure without the necessary "standing."  (FAC ¶¶ A.17-24.)  Ms. Robinson's declaratory relief claim is based on similar allegations that Wells Fargo cannot foreclose because it does not possess "the requisite legal rights" or cannot "satisfy the legal standing requirements" to initiate foreclosure on the Property.  (FAC ¶¶ 25-32.)  Thus, Ms. Robinson's claims for injunctive and declaratory relief are based on her allegations that the nonjudicial foreclosure proceedings against the Property were or are improper in some way.  (*See* FAC ¶¶ B.1-11.)  The court, however, has already dismissed any claim based on Ms. Robinson's allegations concerning the nonjudicial foreclosure proceedings against the Property.  *See supra* § III.B.3.

//

Moreover, a claim for injunctive relief, standing alone, does not state a cause of action. *Kwai Ling Chan v. Chase Home Loans Inc.*, No. C12-0273JLR, 2012 WL 1252649, at *3 (W.D. Wash. Apr. 13, 2012) ("It is well settled that a claim for 'injunctive relief' standing alone is not a cause of action.") (citing *Jensen v. Quality Loan Serv. Corp.*, 702 F. Supp. 2d 1183, 1201 (E.D. Cal. 2010) ("A request for injunctive relief by itself does not state a cause of action.")).  Injunctive relief is available only if Ms. Robinson is entitled to such a remedy on an independent cause of action.  As discussed above, Ms. Robinson fails to state any independent claim against Moving Defendants.  Accordingly, the court grants Moving Defendants' motion and dismisses her claim for injunctive relief as well.

Ms. Robinson's request for declaratory relief against BANA and Nationstar is likewise unavailing.  (*See* FAC ¶¶ 26-33.)  Moving Defendants note that Ms. Robinson's designation of BANA as the foreclosing party in this section of her amended complaint appears to be a mistake because Wells Fargo is the current beneficiary of Ms. Robinson's DOT and is the party that initiated the present nonjudicial foreclosure.  (Wells MTD at 11 n.9.)  A claim for declaratory relief must present "an actual case or controversy" between the parties "to ensure that . . . that the judgment does not become an unconstitutional advisory opinion." *Rhoades v. Avon Prods., Inc.*, 504 F.3d 1151, 1157 (9th Cir. 2007) (citations omitted).  "A controversy must satisfy a simple test: 'Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Bisson v.*

*Bank of Am., N.A.*, 919 F. Supp. 2d 1130, 1139 (W.D. Wash. 2013) (quoitng *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007)). Thus, in order to be entitled to declaratory relief, Ms. Robinson must allege a claim under some substantive law that entitles her to this relief. *Id.* at 1141. In other words, the Declaratory Judgment Act creates only a remedy, not a cause of action. *Id.* Without a valid cause of action or case, Ms. Robinson has no claim for declaratory relief. Accordingly, the court grants Moving Defendants' motion to dismiss Ms. Robinson's claims for injunctive and declaratory relief.

**C.      BANA's Motion to Dismiss**

BANA filed a separate motion to dismiss Ms. Robinson's claims. (2d BANA MTD.) Ms. Robinson appears to attempt to allege claims under the FDCPA and for injunctive and declaratory relief against BANA. (*See generally* FAC.) The court now considers BANA's motion to dismiss Ms. Robinson's amended complaint.

1.   FDCPA Claims

As a threshold matter, Ms. Robinson fails to state an FDCPA claim against BANA because none of the FDCPA allegations in her amended complaint relate to BANA. (*See* FAC ¶¶ 12-16.) Ms. Robinson's allegations relate only to conduct that occurred in October 2016 or later—more than three years after BANA assigned its interest in the loan to Nationstar. (*See id.*; *see also* Varallo Decl. ¶¶ 8-9, Exs. G-H.)

Further, even if Ms. Robinson could allege an FDCPA claim against BANA, such a claim would be time-barred. A plaintiff must bring an FDCPA claim "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). Ms. Robinson's

allegations and the publicly recorded documents related to the loan show that BANA had no involvement with Ms. Robinson's loan after August 2013. (*See generally* FAC; Varallo Decl. ¶¶ 8-9, Exs. G-H.) Thus, even if Ms. Robinson had alleged an FDCPA claim against BANA, the claim is time-barred by the applicable statute of limitations. *See* 15 U.S.C. § 1692k(d). Based on the foregoing analysis, the court grants BANA's motion and dismisses Ms. Robinson's FDCPA claims against BANA.

2.   Injunctive and Declaratory Relief

As noted above, Ms. Robinson's claims for injunctive and declaratory relief arise from her allegations that the nonjudicial foreclosure proceedings against the Property were or are improper in some way. (*See* FAC ¶¶ B.1-11, A.17-32.) The court, however, has already dismissed this claim, *see supra* § III.B.3, and as discussed above, claims for injunctive or declaratory relief cannot stand alone but must be grounded in a valid underlying claim, *see supra* § III.B.5.

Further, Ms. Robinson does not allege facts suggesting that BANA has any interest in the property, and BANA submits publicly recorded documents that demonstrate that BANA does not have a present interest in the Property and is a stranger to the loan. (Varallo Decl. ¶¶ 8-9, Exs. G-H (showing that BANA serviced the loan until August 2013); *see also* FAC ¶ 32 (alleging that Nationstar is the "servicer").) As such, Ms. Robinson cannot plausibly claim that BANA has a competing claim for ownership of the Property or enforcement of the loan. As such, there is no substantial controversy between BANA and Ms. Robinson that might render BANA a proper subject of

//

injunctive or declaratory relief concerning the nonjudicial foreclosure on the Property.

Accordingly, the court grants BANA's motion and dismisses these claims against BANA.

**D.      Ms. Robinson's Response**

Nothing in Ms. Robinson's response persuades the court otherwise.[5] (*See generally* Resp.)  First, Ms. Robinson asserts that Washington's Deeds of Trust Act, RCW 61.24.005, *et seq.*, is an unconstitutional bill of attainder.  (Resp. at 3.)  The principle Ms. Robinson invokes prohibits a legislative act that "determines guilt and inflicts punishment upon an identifiable individual without . . . the protections of a judicial trial."  *See State v. Manussier*, 921 P.2d 473, 479 (Wash. 1996) (quoting *Nixon v. Adm'r of Gen. Servs.*, 433 U.S. 425, 468 (1977)) (discussing identical elements of a bill of attainder under the United States and Washington constitutions).  "Three elements distinguish bills of attainder from constitutionally permissible legislation: (1) legislative infliction of punishment upon (2) specifically designated persons or groups (3) in the absence of the procedural safeguards of a judicial trial."  *Id.* (citing *Selective Serv. Sys. v. Minn. Pub. Interest Research Grp.*, 468 U.S. 841, 847 (1984), *United States v. Lovett*, 328 U.S. 303, 315 (1946), and *United States v. Brown*, 381 U.S. 437, 447 (1965)).  Washington's Deeds of Trust Act contains none of these hallmarks.  It does not

---

[5] In addition to her response, Ms. Robinson also filed a "Declaration in Support of Notice of Motion to Intervene and Order Dismissing All Defendants' Motions for Dismissal for Lack of Standing."  (*See* Robinson Decl. (Dkt. # 25).)  Ms. Robinson's declaration, however, is devoid any statements of fact.  (*See generally id.*)  Accordingly, the court disregards it.  *See Nigro v. Sears, Roebuck & Co.*, 784 F.3d 495, 497 (9th Cir. 2015) ("The district court can disregard a self-serving declaration that states only conclusions and not facts that would be admissible evidence.").

determine guilt; it does not inflict punishment; it does not single out an individual or identifiable group. Rather, the Deeds of Trust Act regulates the operation of the power of sale clauses in private deeds of trust, to the extent that parties include such clauses in their agreements. Indeed, in *Kennebec, Inc. v. Bank of the West*, 565 P.2d 812 (Wash. 1977), Washington's Supreme Court upheld the Act against a constitutional due process challenge. The Court noted that the Deeds of Trust Act merely regulates the manner of operation of contractual provisions authorizing nonjudicial foreclosure and does so "almost solely for the protection of the debtor." *Id.* at 816. The court therefore rejects Ms. Robinson's contention that the Deeds of Trust Act is an unconstitutional bill of attainder.

Ms. Robinson also assets that Defendants' attorneys are foreign agents under the Foreign Agents Registration Act ("FARA"), 22 U.S.C. § 611, *et seq.*, who must file proof with the court of their right to represent Defendants. (*See* Resp. at 8-9.) FARA requires that agents who lobby in the United States on behalf of "a foreign principal" to disclose their affiliation. *See Viereck v. United States*, 318 U.S. 236, 237 (1943); *Rabinowitz v. Kennedy*, 376 U.S. 605, 608-10 (1964). This statute has no bearing on this litigation and provides Ms. Robinson with no basis for avoiding the dismissal of her amended complaint.

Finally, Ms. Robinson asserts that the court should deny Defendants' motions to dismiss because the statements by Defendants' counsel are not evidence. Ms. Robinson misapprehends the nature of a motion to dismiss based on Rule 12(b)(6). Such motions are directed to the sufficiency of the pleading at issue. The issue at this stage of the

litigation is not what evidence the parties have adduced, but rather whether Ms.
Robinson's amended complaint sufficiently states a claim for relief. In short, Ms.
Robinson's amended complaint fails to plead any claim for relief and fails as a matter of
law to show any reason why nonjudicial foreclosure should not proceed with respect to
the Property or that Defendants acted wrongfully in any way. Accordingly, the court
grants Defendants' motions to dismiss Ms. Robinson's amended complaint.

**E.      Leave to Amend**

Although the court grants both Moving Defendants' and BANA's motions to
dismiss in total, the court must also consider whether to grant Ms. Robinson leave to
amend. Leave to amend is mandatory for *pro se* plaintiffs unless it is absolutely clear
that amendment could not cure the defects. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248
(9th Cir. 1995) (per curiam). In determining whether dismissal without leave to amend is
appropriate, courts consider such factors as undue delay, bad faith or dilatory motive on
the part of the movant, repeated failure to cure deficiencies by amendments previously
allowed, undue prejudice to the opposing party from allowing the amendment, and
futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Of these factors,
"prejudice to the opposing party . . . carries the greatest weight." *Eminence Capital, LLC
v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). A proposed amendment is futile "if
no set of facts can be proved under the amendment to the pleadings that would constitute
a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214
(9th Cir. 1988). Further, "[t]he district court's discretion to deny leave to amend is

particularly broad where plaintiff has previously amended the complaint." *Ascon Props.,*
*Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989).

In this instance, the court declines to grant leave to amend. Based on the publicly recorded documents before the court, which relate to the chain-of-title on the Property and foreclosure proceedings initiated against the Property, the court concludes that any amendment to Ms. Robinson's claims concerning the attempted foreclosure on the Property would be futile. Further, the court already granted Ms. Robinson an opportunity to amend her complaint in response to BANA's first motion to dismiss, but she nevertheless failed to state a claim against any Defendant. (*See* Compl.; 1st BANA MTD; 4/4/17 Order; FAC.) In addition, Ms. Robinson does not ask for leave to further amend in her response to Defendants' motions to dismiss or provide any explanation as to how she could revise her complaint to state a claim against any Defendant. (*See generally* Resp.) Under these circumstances, the court concludes that providing Ms. Robinson another opportunity to amend her complaint would be futile.

## IV.    CONCLUSION

Based on the foregoing analysis, the court GRANTS Moving Defendants' and BANA's motions to dismiss (Dkt. ## 19, 22), DISMISSES Ms. Robinson's amended complaint with prejudice, and DENIES leave to amend. As noted above, the court liberally construes Ms. Robinson's motion to intervene (Dkt. # 24) as response to

//

//

//

Defendants' motions to dismiss and therefore DIRECTS the Clerk to remove this filing from the court's motions calendar.

Dated this 25th day of May, 2017.

JAMES L. ROBART
United States District Judge